The Merchants Bank and Trust Company *vs.*
Emma D. Pettison, Alias.

First Judicial District, Hartford, January Term, 1931.
Maltbie, C. J., Haines, Hinman, Banks and Avery, Js.

Argued January 9th—decided March 3d, 1931.

*Ufa E. Guthrie,* for the appellant (defendant).

*Louis H. Katz,* for the appellee (plaintiff).

Haines, J. The plaintiff is the owner of a note for
$5000 made by one Bradley, dated April 19th, 1927,
and secured by first mortgage upon certain real estate
on Martin Street in the city of Hartford. On Sep-
tember 22d, 1928, Bradley conveyed the premises to
the defendant who assumed and agreed to pay this
mortgage obligation and also a second mortgage for
$1400 and the taxes due and payable in July, 1929.
On May 23d, 1929, the defendant conveyed the prem-
ises to one Clinton who in turn assumed and agreed to
pay these mortgages.

In October, 1929, the plaintiff sued this defendant and others upon the note, attached property of the defendant on Capitol Avenue in Hartford and after securing judgment for $5713, filed a judgment lien against the latter property. The present action was brought to foreclose that judgment lien. Before the case came to trial the defendant filed a motion under § 5238 of the General Statutes, Rev. 1918, now § 5124, Rev. 1930, asking that the court ascertain the value of the premises which were subject to the mortgage, and apply the same upon the plaintiff's judgment and render judgment in the present action for only such balance if any as remained unpaid.

Plaintiff's counsel insists that this motion was not acted upon by the trial court, "and there would therefore appear to be nothing to appeal from." While the file of record does not show a formal denial of the motion, it does appear that judgment was rendered in evident denial of it, and it further appears from the record before us that the court did expressly overrule the claim of law presented by the motion. The questions thus raised are included in the reasons of appeal and are therefore before us for consideration.

The text of the statute in question appears in the footnote. The essential dispute between the parties is involved in the interpretation of that portion of the statute which requires that the mortgage shall be "a

Sec. 5238 [Rev. 1930, § 5124]. FORECLOSURE OF LIEN WHERE PLAINTIFF HOLDS MORTGAGE. Upon proceedings for the foreclosure of any judgment lien, where the judgment creditor holds a mortgage upon real estate in this State as security for the debt, or any part of it, that has gone into the judgment, which mortgage is a first charge upon the property mortgaged, the court shall, upon the motion of the judgment debtor or any later incumbrancer on the property covered by the judgment lien, order such mortgaged property to be first applied to the debt secured by it, at its cash value, to be ascertained by the court; and a foreclosure of the judgment lien shall be granted only as to the portion of said judgment that shall remain unsatisfied.

first charge" upon the property. The plaintiff's claim was and is that certain taxes which were assessed in July, 1928, and became due in July, 1929, and were unpaid at the time this action was brought, were a "first charge" upon the Martin Street property within the terms of § 5238 (Rev. 1918), which took precedence of the plaintiff's first mortgage under the provisions of Public Acts of 1927, Chapter 300, and was such a lien at the time this action was pending, although no certificate of lien had been filed by the collector at the time the motion was made. The plaintiff therefore contends that § 5238 (Rev. 1918) did not require or permit the trial court to grant this motion.

At common law the mortgagee's remedy by the foreclosure and appropriation of the mortgaged property was a bar to further action, but his rights in this State have been greatly enlarged by legislation. In 1887 the original of the statute now in question was enacted whereby the mortgaged property could be valued, and if worth less than the amount of the debt, judgment for the deficiency only, rendered against the debtor.

In a case which arose in 1886, property had been mortgaged by its owner A, who then sold the property to B who assumed and agreed to pay the mortgage, and B in turn sold the property to C who also assumed the mortgage. The holder of the mortgage note then brought suit against B, the second owner, obtained a judgment and filed a judgment lien against other property of B, and then brought suit to foreclose both the mortgage and the judgment lien. B requested of the court that an appraisal of the mortgaged property be made and that his personal obligation be limited to any insufficiency in value which might thus be shown to exist in the mortgaged property. The additional costs, annoyance and expense thus imposed upon B are obvious. The court in denying the motion pointed

out that in the then existing state of our statute law "the question here is wholly one of marshaling securities. The judgment lien stands on as legal ground as that of the mortgage, and there is no equitable rule by which we can give one an advantage over the other. If there is reason for limiting the rights of the creditor under the judgment lien, it should be done by legislation." *Gushee* v. *Union Knife Co.*, 54 Conn. 101, 107, 6 Atl. 192.

With the obvious purpose of adopting this suggestion of relief to a debtor so situated, the legislature in the following year enacted the original of the statute now in question, which, so far as we are aware, has never been the subject of interpretation by this court. Public Acts of 1887, Chap. 25; General Statutes, Rev. 1918, § 5238, now § 5124, Rev. 1930.

This is a remedial statute and requires a liberal rather than a strict construction in aid of its manifest purpose.

"In the interpretation of statutes in general, a literal construction has but a prima facie preference." To arrive at the real meaning it is always necessary to take a broad general view of the Act and to get an exact conception of its scope and purpose. It is a cardinal rule of statutory interpretation, that the construction must, if possible, be such as will effect the real purpose for which the statute was enacted. Endlich on Interpretation of Statutes, pp. 35-37. Lord Coke prescribed four general inquiries for this purpose: (a) What was the law before the Act was passed, (b) what was the mischief or defect for which the law had not provided, (c) what remedy did the legislature prescribe, and (d) what was the reason for the remedy. These are rules of ancient and continuing validity, and examining the present statute with them in mind, it becomes clear that the legislature in-

tended to furnish a mortgagor or debtor situated as was B in the *Gushee* case and as is the defendant in the present case, an opportunity to have the mortgaged property first applied to the payment of the mortgage note, and relieve him of the circuity of action, expense and annoyance, and possible serious loss which might result from the operation of the law as it stood at the time the former case was decided. Plainly, the only thing standing between the present defendant and the relief offered by the statute, was the existence of an unpaid tax upon the property. In a literal sense, taxes by our law are a "first charge" upon the real estate upon which they are assessed. If we were to give the statute a literal interpretation we would be obliged to hold that the legislature did not intend to furnish a debtor the benefit of its provisions unless the property was free from any "charge" for taxes, either assessed and not yet due or which had become due and payable. By our present law a tax becomes a lien upon the real estate from the date of its assessment "in the year previous to that in which said taxes become due and until one year after such taxes become due." Public Acts of 1927, Chap. 300, § 1. Where, as in the city of Hartford, if property was assessed July 1st, 1929, the tax became due July 1st, 1930, and the lien would begin on the first-mentioned date, and continue to July 1st, 1931. Even if taxes were paid the very day they became due, there would still be the tax assessed that same day for the ensuing year, and that also would be a first charge upon the property. If it were held that a "first mortgage" must be literally a "first charge," it would be impossible at any time to put a first mortgage upon real estate in Hartford. Savings banks in this State are not permitted to loan on other real estate than that which is "unincumbered." General Statutes, § 3999. Since the

due date of taxes in Hartford is the date of assessment of taxes for the ensuing year, all Hartford real estate is constantly subject to a "first charge" for taxes. Not only would it now be impossible to make first mortgage loans on real estate, in the sense of a "first charge" upon the property, but if there were in fact such a first mortgage, outstanding when a tax was laid, it would at once become a second and not a first charge, and its character as a first mortgage in that sense, destroyed. This illustration of the result of a literal construction of this statute for which the plaintiff is contending, is quite sufficient to show that such an interpretation was not within legislative contemplation or intent.

The legislature was dealing with mortgages and judgment liens as such and apparently taking no account of such "incumbrances" or "charges" upon the property as were created by taxes or similar claims. We think the purpose of the legislature clearly was to give to the defendant lienee the benefit of an appraisal of the mortgaged property and its application to the debt where the mortgage was a first mortgage in the common acceptation and understanding of that term and as distinguished from a second or later mortgage. We therefore hold that it was the duty of the trial court to grant this defendant's motion, and that the failure to do so was erroneous.

There is error and the cause is remanded to the Superior Court for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.