THE MERIDEN SAVINGS BANK *v.* STANLEY SUJDAK ET AL.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued June 9th—decided July 12th, 1938.

*Cornelius J. Danaher,* for the appellant (defendant Suzio).

*Charles M. Lyman,* with whom was *Thompson Dean,* for the appellee (plaintiff).

The appellant filed a motion for reargument, which was denied.

BROWN, J. This action was for the foreclosure of two mortgages on real estate in Meriden and for a deficiency judgment, the first count of the complaint alleging a mortgage of March 15th, 1899, for $1500 to the plaintiff by Chapin and Christopher S. Howard and the second a mortgage to it of April 24th, 1923,

for $7500 by Leonardo Suzio, hereinafter called the defendant except when otherwise indicated. The defendant appeared by counsel who joined in a "Stipulation as to Law Day." Pursuant thereto by its judgment of June 4th, 1937, the court fixed June 14th, 1937, as the law day for the defendant owner of the equity and June 15th, 1937, for the defendant Suzio, and in accord with an affidavit filed by the plaintiff found the debt due under the first count to be $1868.74 and under the second $11,394.47, a total of $13,263.21. Neither defendant redeemed and title became absolute in the plaintiff June 16th, 1937. Upon the plaintiff's motion, the court on June 18th, 1937, appointed three appraisers whose report appraising the property free of all incumbrances at $8321.76 was filed in court June 24th, 1937. There was no remonstrance to this report. July 1st, 1937, the defendant filed a motion to reopen the judgment. August 12th, 1937, the plaintiff filed its motion reciting the $11,394.47 due from the defendant under the second count as maker of the second mortgage and asking for a deficiency judgment against him. On September 30th, 1937, the defendant filed an answer denying any indebtedness to the plaintiff under either count and containing other allegations as a special defense; and also a counterclaim asking among other relief that the second mortgage be declared invalid, and judgment. On October 5th, 1937, the plaintiff joined issue upon the facts pleaded by the defendant as a special defense. October 21st, 1937, the court denied the defendant's motion to reopen the foreclosure judgment, and rendered its supplemental deficiency judgment against him for $5222.51, the balance of the mortgage debt due on the second count and costs, after deducting the value of the property fixed by the appraisers, less taxes and the mortgage indebtedness due the plaintiff on the first count.

The two questions determinative of this appeal are those involved in the overruling of the defendant's two claims of law: first, that the defendant was not liable for any sum upon a deficiency judgment; and second, that the court should have granted his motion to reopen the judgment of foreclosure. The finding, which is not attacked, discloses these further facts material upon the first question. March 15th, 1899, the two Howards executed a first mortgage of the premises for $1500 to the plaintiff, which continued to own it to the time of judgment. Subsequently by mesne conveyances the defendant became the owner of the fee, but never assumed liability upon the note secured by the first mortgage. April 24th, 1923, the defendant owed the plaintiff $7500 as evidenced by his demand note of that date secured by a second mortgage on the property. January 24th, 1924, the defendant conveyed his equity to Louise Sujdak, who May 28th, 1928, conveyed it to the defendant Stanley Sujdak, who assumed both mortgages. The defendant never became obligated to pay the first mortgage, and subsequent to January 24th, 1924, made no payment upon the property or either mortgage. June 16th, 1934, the debt due on the first mortgage was $1871.49, on the second $11,398.08, making a total debt in addition to $69.50 taxable costs, of $13,339.07, and the property was subject to a prior incumbrance of $205.20 for taxes.

As is apparent from his assignments of error, brief, and oral argument, the defendant bases his main contention that he was not liable for any sum by deficiency judgment, upon a misconception of the nature of such a judgment. The gist of his argument is that never being obligated to pay the first mortgage, he cannot be held liable to pay it under the first count of the complaint, and further that a finding that he

owes this amount, essential to support the judgment, is lacking. The judgment, however, is in no sense dependent upon a liability on the defendant's part to pay the first mortgage debt. Nor is the fact that the plaintiff, rather than some third party, happened to be the owner of that debt, of significance in determining the validity of the deficiency judgment. This is predicated upon the defendant's obligation to pay what remains due upon his own express promise to the plaintiff contained in his note, to secure which he gave the second mortgage. The amount so due was ascertained after a proper sum, as determined and allowed in the proceeding therefor provided by § 5083 of the General Statutes, had been credited in liquidation of the mortgage security. The amount of the first mortgage indebtedness was only of importance with relation to the judgment, as one of the three items going to make up the $13,339.07 total of incumbrances on the property, the taxes due and the second mortgage debt being the other two.

In determining the amount of the deficiency judgment the court of necessity and properly first deducted from $8321.76, the property's value free of incumbrances as determined by the appraisers, the taxes plus the sum due on the first mortgage, and then subtracted the difference of $6245.07 from the $11,398.08 debt of the defendant under the second count. This was in accord with that procedure under the statute recognized by this court as correct. *Sisson* v. *Tubbs,* 50 Conn. 292, 294; *Wilcox* v. *Bliss,* 116 Conn. 329, 334, 164 Atl. 569. The correctness of the appraisal in the present case is not questioned. It afforded the standard of value required as defined in the first above case and the court properly utilized it in the way in which it did to determine the amount of the deficiency judgment. *Norwich Gas & Electric Co.* v. *Norwich,*

76 Conn. 565, 584, 57 Atl. 746, and other cases holding that the sale of an equity of redemption in mortgaged property casts on the purchaser no obligation to pay the mortgage debt, which the defendant cites as authority against holding him liable, are obviously not applicable here, where the judgment has been rendered against him not as purchaser of the equity of the first mortgage, but as signer of the note and maker of the second mortgage given to secure it, which the plaintiff has foreclosed. The court did not err in overruling the defendant's first claim of law.

The defendant's assignments of error, most of which fail to meet the requirements of the rule, Practice Book, § 362, illustrated by Form 647 A, relate directly or indirectly to the two questions above referred to with two exceptions. Since neither of these complies with the rule, they might well be disregarded. *State* v. *Palko,* 122 Conn. 529, 534, 191 Atl. 320. We do, nevertheless, discuss them briefly. One relates to the defendant's claim that a power of attorney of June 23d, 1933, by the defendant Sujdak to an employee of the plaintiff to take charge of the mortgaged premises, collect the rents, and apply them toward the maintenance and operating expenses, subsequently acted upon, constituted an agreement to extend the time for the payment of the mortgage debt, and as such was effective to release the defendant from liability. The other relates to the defendant's right to an accounting by the plaintiff for the money it received pursuant to this arrangement.

In urging the first of these claims, the defendant relies upon the theory that where a mortgage is assumed by a grantee of the equity, he becomes the principal debtor and the grantor a surety. *Boardman* v. *Larrabee,* 51 Conn. 39, 42. But as is clearly pointed out in that decision, this relation exists only between

these parties themselves and does not affect the mortgage creditor, both the mortgagor and the assuming purchaser being, as to him, principals. *Savings Bank of Ansonia* v. *Schancupp,* 108 Conn. 588, 593, 144 Atl. 36; *Schneider* v. *Ferrigno,* 110 Conn. 86, 90, 147 Atl. 303. Nor are there in this case any facts abridging the plaintiff's rights as mortgagee, within the suggestions in *Savings Bank of Ansonia* v. *Schancupp,* supra, 594. The facts found that the plaintiff had not so conducted itself as to alter the defendant's obligation, and that he himself approved the arrangement complained of, afford a further answer to the defendant's contention. The second of these claims is fully met by the court's finding that the property was properly managed and that the $1,558.59 of rents collected was expended for the necessary carrying and maintenance charges recited. By the conveyance of the equity to him all of the rights of possession, management, and to the receipt and use of income incident to ownership, passed to the defendant Sujdak. That he saw fit to exercise his rights by a power of attorney to an officer of the plaintiff, gave the defendant no right to complain. His only effective protest is necessarily restricted to conduct under the power of attorney whereby the plaintiff received something which should have been credited on the debt. The finding mentioned is conclusive that the fact was otherwise.

The defendant's claim that the court should have granted his motion to reopen the judgment of foreclosure encounters a short and sufficient answer in the provisions of § 5084 of the General Statutes. This section after providing for the opening by the court in its discretion of its judgment of strict foreclosure of real estate for cause shown, at the same term or that next following its rendition, goes on expressly to state,

"but no such judgment shall be opened after the title shall have become absolute in any incumbrancer." Since title here had become absolute in the plaintiff incumbrancer on June 16th, 1937, and the defendant's motion to reopen was filed July 1st, 1937, by reason of this express prohibition in the statute the court was correct in denying the motion. *Hoey* v. *Investors' Mortgage & Guaranty Co.*, 118 Conn. 226, 230, 171 Atl. 438.

There is no error.

In this opinion the other judges concurred.