CLARENCE G. CRANE *v.* FREDERICK D. LOOMIS ET AL.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued March 4—decided April 10, 1942.

*John B. Harvey,* for the appellant (plaintiff).

*Nathan Aaron,* with whom, on the brief, was *Samuel H. Aron,* for the appellees (defendants).

AVERY, J. From the file in this case it appears that an action was brought to foreclose two mortgages upon certain real estate in the town of Mansfield, and that personal service was had on the two defendants. No appearance or answer having been filed, a judgment of strict foreclosure was granted on June 24, 1941, and the law day fixed at August 5, 1941. Before the expiration of the period limited, a motion to open the judgment and extend the law day having been made on behalf of the defendants and a stipulation having been filed by both parties to that effect, the judgment was opened and a supplemental judgment entered fixing the law day as August 15, 1941. Thereafter, and after the expiration of the law day, on August 29, 1941, the defendants, through different counsel, filed a motion that the judgment theretofore entered in the case be vacated and set aside, alleging as grounds of the motion that the defendants had failed to defend the action because of fraud, accident and mistake and that execution of the judgment would be against equity and good conscience, and the defendants prayed that they be permitted to appear and defend. On September 19, 1941, after hearing statements of counsel, the court reopened the judgment of foreclosure again and entered a new judgment fixing a new law day as of September 30, 1941. From this judgment the plaintiff has appealed.

The trial court has made a finding of facts. It has found that the defendants failed to redeem the mortgaged premises upon the date decreed in the judgment and the title became absolute in the plaintiff on August 16, 1941. This paragraph of the finding is not attacked and must stand. The findings of the trial court

which are attacked by the plaintiff are these: Although a substantial equity was shown at the hearing on June 24, 1941, when the law day was fixed as August 5, 1941, a very short law day was granted; between August 5th and 15th, the defendants were successful in obtaining a loan from a third party to pay the judgment debt; the plaintiff was fully aware of the negotiations to obtain this loan, but due to the fact that the lender was on vacation the funds were not actually in the hands of the defendants until August 16th; on August 14th counsel for the defendants, who had recently been retained in place of counsel originally appearing in the case, notified the plaintiff's attorney by telephone that all arrangements were completed to redeem the mortgage on August 16th and the plaintiff's attorney at that time answered, "All right, two days more"; relying on this assurance the defendants' counsel did not make a motion for the extension of the law day beyond August 15th; and, on August 16th, the defendants tendered to the plaintiff's attorney the full amount of the debt with interest and costs and have been able and ready to pay the judgment debt and costs ever since. From the record of the proceedings taken at the hearing on September 19th, it appears that these facts, aside from the answer of the plaintiff's attorney to the telephone communication from the defendants' attorney, quoted above, were not otherwise shown than by a statement made to the court by the counsel then acting for the defendants. These facts were not agreed to by the plaintiff's attorney, who asked the court for permission to introduce evidence on the case. The trial court refused to hear any evidence but ordered the judgment reopened and entered judgment fixing a new law day as of September 30, 1941. Inasmuch as the plaintiff's counsel was not permitted by the trial court

to offer evidence in contradiction of the claims made by counsel for the defendants, the finding, in so far as it contained any fact not admitted by the plaintiff's counsel, must be disregarded and we cannot consider it as establishing any fact tending to show fraud, accident or mistake in connection with the entry of the original judgment of foreclosure. If such facts were established they might be ground for an independent action in equity for relief. *Hoey* v. *Investors' Mortgage & Guaranty Co.*, 118 Conn. 226, 230, 171 Atl. 438. However, upon the failure to redeem on or before the law day of August 15, 1941, title to the premises became absolute in the plaintiff. *City Lumber Co. of Bridgeport, Inc.* v. *Murphy*, 120 Conn. 16, 25, 179 Atl. 339.

Section 5084 of the General Statutes provides that no judgment of strict foreclosure "shall be opened after the title shall have become absolute in any incumbrancer." In the absence of waiver, the reopening of a judgment after that time was erroneous. *Ferguson* v. *Sabo*, 115 Conn. 619, 623, 162 Atl. 844; *Meriden Savings Bank* v. *Sujdak*, 124 Conn. 604, 610, 1 Atl. (2d) 134. The defendants contend that, because it does not appear from the report of the hearing on September 19th, contained in the record, that plaintiff's counsel specifically referred to § 5084, any objection based upon that statute was waived. That the trial court understood that this claim was in issue appears from the finding that it was one of the claims made by the plaintiff at the hearing. The defendants rely also upon the answer of the plaintiff's attorney to the telephone communication from their attorney, quoted above, as establishing a waiver; but the trial court has not found that this answer, at most equivocal in meaning, did constitute a waiver. In *Ferguson* v. *Sabo*, supra, relied upon by the defendants, we held

that where a judgment of strict foreclosure had been reopened upon motion of the defendant and the plaintiff thereafter had come in and filed a substitute complaint and sought a judgment upon it, the plaintiff had thereby waived his right to claim the benefit of the statute, but we said: "Had the plaintiff stood upon his original complaint and sought merely to recover upon that and to defeat the claim of the Sabos upon the counterclaim, he could not be held to have waived his right upon this appeal to take advantage of any error in the ruling upon the motion to open the original judgment."

There is error and the case is remanded to the Superior Court with direction to vacate and set aside the supplemental judgment of September 19, 1941.

In this opinion the other judges concurred.