## CITY SAVINGS BANK OF BRIDGEPORT *v.* WILLIAM S. MIKO ET AL. (2464)

HULL, DUPONT and BORDEN, Js.

Argued October 7—decision released November 29, 1983

*Joseph M. Brophy,* with whom, on the brief, was *John G. Betar, Jr.,* for the appellants-appellees (defendants).

*Richard S. Scalo,* with whom, on the brief, were *Abraham I. Gordon* and *Ronald D. Japha,* for the appellee-appellant (plaintiff).

Hull, J. The defendants appeal from the court's determination that they are liable for attorney's fees incurred by the plaintiff in connection with a motion for deficiency judgment after foreclosure.[1] They also challenge a ruling excluding certain evidence pertaining to prior encumbrances, and a finding that their attorney was acting as an escrow agent for the plaintiff. The plaintiff has cross appealed, challenging the court's ruling denying the plaintiff attorney's fees for potential legal work incurred in the collection of the deficiency judgment.

The plaintiff initiated strict foreclosure proceedings against the defendants on January 7, 1980. Subsequently, a receiver of rents was appointed by the court upon a motion by the plaintiff. On March 31, 1980, the parties entered into a stipulation for judgment reduced to writing and filed with the court. The court rendered judgment in accordance with the stipulation on May 22, 1980. The judgment provided that the receiver of rents would be terminated on March 31. The stipulated judgment provided in part: "commencing April 1, 1980, said defendants are to collect the rental income from the property . . . and the only party allowed to sign checks [from an account opened at the Connecticut National Bank where rental income was to be deposited] shall be defendant's counsel . . . who shall provide plaintiff's counsel with a monthly statement of total income and itemized expenditures."

Pursuant to the judgment, the defendants' counsel was also required to pay city taxes on the property. The judgment also contained a provision stating that "as of March 28, 1980, the sum of $244,994.62, which sum includes an attorney's fee of $5000 is due plaintiff on the debt therein mentioned." The law day, originally set for April 1, 1981, but later extended until

---

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29 § 2 (c).

May 4, 1981, came and passed without any of the defendants exercising the power to redeem. On May 11, 1981, title to the property vested in the plaintiff.

The plaintiff thereafter filed motions for a deficiency judgment, for an accounting, for payment of funds held by the receiver and for counsel fees incurred in prosecution of the motions. At the hearing on the motions, the court excluded evidence presented by the defendants that the plaintiff had received a waiver of interest on real estate taxes owed to the city of Bridgeport. The court found that the defendants' counsel was acting as an escrow agent for the plaintiff and therefore applied the $8213.04 in the account to reduce the total indebtedness owed the plaintiff. The court awarded the plaintiff counsel fees in the amount of $4291 for work on the deficiency judgment. The court denied the plaintiff recovery for anticipated attorney's fees.

The defendants claim three principal reasons of appeal: (1) that the court erred in not allowing the defendants to present evidence that taxes owed to the city on the day of the hearing on the motion for deficiency judgment were $24,060.20 less than the amount found due in the foreclosure judgment by virtue of the plaintiff's having secured, after acquiring title, a rebate of the interest due on the taxes; (2) that the court erred in finding that counsel for the defendants was acting as escrow agent for the plaintiff in collecting rents on the subject property, so that the sum of $8213.04 held by counsel should not have been paid to the plaintiff as a credit to the defendant but belongs to the defendant; and (3) that the court erred in awarding counsel fees to the plaintiff for legal services rendered in connection with the plaintiff's motion for deficiency judgment.

On its cross appeal, the plaintiff claims error in the trial court's refusal to award counsel fees for post-deficiency-judgment services not yet performed.

## I

## EXCLUSION OF EVIDENCE CONCERNING THE PLAINTIFF'S OBTAINING A WAIVER OF INTEREST ON TAXES OWED TO THE CITY OF BRIDGEPORT

The defendants concede that the real estate taxes due and owing, even though not paid by the plaintiff at the time of the hearing, constituted a lien on the real estate prior to the plaintiff's mortgage and, therefore, must be deducted from the value of the realty in determining the amount of the deficiency judgment. *Hartford Federal Savings & Loan Assn.* v. *Lenczyk,* 153 Conn. 457, 461–62, 217 A.2d 694 (1966); *Wilcox* v. *Bliss,* 116 Conn. 329, 334–35, 164 A. 659 (1933); *Merchants Bank & Trust Co.* v. *Pettison,* 112 Conn. 652, 656–57, 153 A. 789 (1931). They insist, however, that in order to avoid a windfall to the plaintiff, the court should have admitted evidence of the reduction in tax liability before the deficiency judgment was rendered. We do not agree.

The rule of law in Connecticut since 1833, when Connecticut first enacted a deficiency judgment statute, is that the value of the property foreclosed shall be the actual value thereof as of the date when title vested in the plaintiff under the foreclosure decree.

"Prior to 1833 the foreclosure of a mortgage operated as a bar to any subsequent action on the note. . . . Chapter 18 of the Public Acts of 1833 removed this bar, and ever since then the right of a mortgagee to a deficiency judgment after strict foreclosure, has always been coupled, in this State, with some provision for fixing the actual value of the property as of the date of the foreclosure, and for making that valuation a conclusive basis for determing the existence and amount of any claimed deficiency." *Staples* v. *Hendrick,* 89 Conn. 100, 103, 93 A. 5 (1915); see *Connecticut Savings*

*Bank* v. *Hanoman Realty Corporation,* 168 Conn. 554, 559–60, 362 A.2d 827 (1975); *Equitable Life Assurance Society* v. *Slade,* 122 Conn. 451, 459, 190 A. 616 (1937).

The court in *Hartford Federal Savings & Loan Assn.* v. *Lenczyk,* supra, held that a sewer assessment, imposed after the law day for construction work commenced prior to the law day but not completed until after it, should not be deducted from the value of the property under General Statutes § 49-14. Id., 461–63.

The same logic applies to a reduction as to an increase in encumbrances. Were this not so, there would be no finality to the finding of value based on the day title vested in the plaintiff.[2]

Changes in value, changed market conditions, improvements or newly discovered deficiencies in the property are only a few examples of the plethora of issues that might be raised were the rule not as it exists. Stability in such proceedings is necessary for prudent action on the part of the foreclosing party. There was, therefore, no error in excluding evidence of the reduction of the tax lien.

---

[2] A judgment of foreclosure cannot be opened after the title has become absolute in any encumbrancer. *Meriden Savings Bank* v. *Sujdak,* 124 Conn. 604, 611, 1 A.2d 134 (1938). Error in opening after law day may be waived. *Ferguson* v. *Sabo,* 115 Conn. 619, 623, 162 A. 844 (1932). In the absence of a waiver, however, reopening after law day constitutes error. *Crane* v. *Loomis,* 128 Conn. 697, 700, 25 A.2d 650 (1942). Nevertheless, courts will recognize instances where the effect of the judgment may be collaterally attacked. Courts of equity may grant relief from the operation of a judgment when to enforce it would be unconscionable; *East Hartford* v. *Miller,* 27 Conn. Sup. 503, 506, 245 A.2d 396 (1968); or where a party can establish facts tending to show fraud, accident or mistake in connection with the entry of the original judgment of foreclosure. *Crane* v. *Loomis,* supra, 700. If such grounds are established, then the court may determine that grounds for independent equitable relief exist. Id; *Hoey* v. *Investors' Mortgage & Guaranty Co.,* 118 Conn. 226, 230, 171 A. 438 (1934); see *Folwell* v. *Howell,* 117 Conn. 565, 569–70, 169 A. 199 (1933); *Dante* v. *Dante,* 93 Conn. 160, 163, 105 A. 353 (1919).

## II

### WHETHER THE TRIAL COURT ERRED IN FINDING THAT COUNSEL FOR THE DEFENDANTS WAS ACTING AS ESCROW AGENT FOR THE PLAINTIFF IN COLLECTING RENTS FROM THE SUBJECT PROPERTY

The stipulated judgment of foreclosure, rendered on April 21, 1980, and based upon the parties' stipulation of March 30, 1980, is not a model of clarity as to the status of the defendants' counsel in collecting rents on the property. From an examination of the entire record, we conclude that, when read in context, this stipulation intended that a receiver of rents be appointed, as the court concluded.

The amount held on the vesting of title, $8213.04, was applied by the court to reduce the debt. Thus, the error, if any, would be harmless.

## III

### WHETHER THE COURT ERRED IN ORDERING ATTORNEY'S FEES TO THE PLAINTIFF FOR SERVICES RENDERED ON THE DEFICIENCY JUDGMENT MOTION

The defendants argue that each party must bear his own costs of litigation unless a statute or agreement provides otherwise. They admit that the note evidencing the indebtedness owed the plaintiff contained an agreement to pay "reasonable attorneys' fees incurred in the collection of any sum due hereunder." Nevertheless, the defendants argue, because General Statutes § 49-14 limits recovery in any further action on the note to the amount of the deficiency judgment, the note is rendered void, and the plaintiff must proceed on the judgment. The defendants also argue that there is no statutory provision for an award of attorney's fees in an action for a deficiency judgment. General Statutes § 49-7, the defendants argue, applies only to foreclosure

proceedings. Finally, the defendants appear to argue that, in any event, the $5000 awarded in the judgment of foreclosure precludes recovery for any future attorney's fees.

The plaintiff agrees with the defendants' general proposition of law concerning attorney's fees. The plaintiff argues, however, that General Statutes § 49-7 permits attorney's fees to be awarded "in any proceeding for collection of the debt" and that a deficiency judgment is such a proceeding. Moreover, the plaintiff argues, the agreement by the defendants to pay attorney's fees included those incurred for prosecution of the motion for a deficiency judgment.

The plaintiff also argues that when enacting General Statutes § 49-14, the legislature authorized, by implication, the right to obtain attorney's fees in a deficiency judgment proceeding. Thus, the plaintiff argues, the note is not extinguished by General Statutes § 49-14; that statute merely limits the extent of recovery. Finally, the plaintiff argues that the $5000 fee agreed upon by the parties does not reflect fees incurred in prosecuting the motion for the deficiency judgment because at the time of the stipulated judgment both parties anticipated that the defendants would be granted HUD financing and would, thus, redeem.

This issue is one of first impression in this state. General Statutes § 49-14 makes no provision for attorney's fees in securing a deficiency judgment. The note, however, provides for the payment of reasonable attorney's fees "incurred in the collection of any sum due hereunder." Furthermore, General Statutes § 49-7 validates any agreement as to attorney's fees in "any proceeding for the collection of the debt, or in any foreclosure of the mortgage . . . ." It is clear that attorney's fees for such a proceeding are merely a continuation of the

collection process whether it be deemed a proceeding for the collection of the debt or part of the foreclosure of the mortgage or both, as is the case here. Cf. *Mechanics Savings Bank* v. *Tucker,* 178 Conn. 640, 647–48, 425 A.2d 124 (1979).

The fact that General Statutes § 49-14, which concerns deficiency judgments, makes no provision for attorney's fees is not controlling. The mandate of General Statutes § 49-7 is crystal clear so that such a provision in § 49-14 would be unnecessary and repetitive.

The defendants claim that, because General Statutes § 49-14 provides that in any further action on the debt the plaintiff "shall recover only the amount of such judgment," attorney's fees are not allowable. This begs the question. The judgment is inclusive of such fees where deemed appropriate.[3]

---

[3] It should also be noted that the trial court held that the provision of the note pertaining to payment of counsel fees does not merge into the judgment and cease to exist by virtue of such merger. Through a claim of merger, the defendants sought to have any debt concerning attorney's fees extinguished as of the time of judgment. The court found that the obligation to pay such fees borne by the maker of the note was to continue beyond the date of judgment until such time as payment was effected.

In the absence of any intention, it is presumed that the party against whom such a merger is claimed to have taken place intended to pursue the course which would best protect and promote his or her interests. *Hurlbutt* v. *Hurlbutt,* 6 Conn. Cir. Ct. 314, 320–21, 272 A.2d 146 (1970). It is never presumed that a merger resulted where that condition would produce an injustice or would be "injurious to his interests, by depriving him of rights which he could claim and exercise by avoiding a merger." Id. Merger is not favored unless it promotes the intention of the parties. Id. Merger is permissible where there is no evidence of a contrary intention of the parties or any prejudice resulting to the party against whom the merger is said to have taken place. Id.; see *Glotzer* v. *Keyes,* 125 Conn. 227, 235–36, 5 A.2d 1 (1939).

The trial court found that it was clear that the parties contemplated, and that plaintiffs intended, that the obligation concerning attorney's fees continue until the debt was completely collected and, therefore, the obligation could extend beyond the judgment date.

## IV

ON THE CROSS APPEAL, WHETHER THE COURT ERRED
IN REFUSING TO AWARD POST-DEFICIENCY-JUDGMENT
LEGAL FEES FOR SERVICES NOT YET PERFORMED.

At oral argument, the plaintiff did not seriously pursue this claim of error. Permitting an award of legal fees depends upon a factual finding concerning work already performed. No award for attorney's fees may be made when the evidence on which to base the award is insufficient. *Appliances, Inc.* v. *Yost,* 186 Conn. 673, 680, 443 A.2d 486 (1982); *Lebowitz* v. *McPike,* 151 Conn. 566, 568, 201 A.2d 469 (1964); *Gruskay* v. *Simenauskas,* 107 Conn. 380, 387, 140 A. 724 (1928). It is manifestly improper for the court to award fees for services which have not yet been performed and may never be performed at any time in the future.

We have considered the other issues raised by the defendants and find them to be without merit.

There is no error.

In this opinion the other judges concurred.