[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO REOPEN JUDGMENT (#114)
The plaintiff initiated this foreclosure action on August CT Page 7245 31, 1993, seeking to foreclose a second mortgage on the defendant's residence and an adjacent undeveloped lot. Judgment of strict foreclosure was entered on November 23, 1993, and the law day was set for January 4, 1994. The defendant failed to redeem and title vested and became absolute in the plaintiff on January 24, 1994. The defendant filed the present motion to open the judgment (dated March 18, 1994) on March 23, 1994.
General Statutes § 49-15 concerns the opening of judgments of foreclosure. That statute provides as follows:
 Opening of judgments of foreclosure. Any judgment foreclosing the title to real estate by strict foreclosure may, at the discretion of the court rendering the same, upon the written motion of any person having an interest therein, and for cause shown, be opened and modified, notwithstanding the limitation imposed by section 52-212a, upon such terms as to costs as the court deems reasonable; but no such judgment shall be opened after the title has become absolute in any encumbrancer.
(Emphasis added.) General Statutes § 49-15.
"Both the Supreme Court and [the appellate] court have ruled that, under this statute, a judgment of foreclosure cannot be opened after title has become absolute in any encumbrancer.Meriden Savings Bank v. Sujdak, 124 Conn. 604, 610-11,1 A.2d 134 (1938); City Savings Bank of Bridgeport v. Miko, 1 Conn. App. 30,34 n. 2, 467 A.2d 929 (1983)." Merry-Go-Round Enterprises,Inc. v. Molnar, 10 Conn. App. 160, 162, 521 A.2d 1065
(1987).
The defendant argues that the court has equitable powers to open a judgement of foreclosure based on claims of fraud or mistake in the procurement of the judgment. As the appellate court has made clear, "however, that while fraud maybe grounds for collateral attacks on a judgment of strict foreclosure by anindependent action in equity, fraud is not a ground for opening a judgment after title has become absolute in an encumbrancer.Hoey v. Investors' Mortgage Guaranty Co., 118 Conn. 226,230-31, 171 A. 438 (1934); City Savings Bank of Bridgeport v.Miko, 1 Conn. App. 30, 34 n. 2, 467 A.2d 929 (1983); EastHartford v. Miller, 27 Conn. Sup. 503, 506, 245 A.2d 396 (1968)" (Emphasis added.) Merry-Go-Round Enterprises, Inc. v. Molnar,
CT Page 7246 supra, 10 Conn. App. 162 n. 1. As noted by the appellate court
 [c]ourts of equity may grant relief from the operation of a judgment when to enforce it would be unconscionable; East Hartford v. Miller, 27 Conn. Sup. 503, 506, 245 A.2d 396 (1968); or where a party can establish facts tending to show fraud, accident or mistake in connection with the entry of the original judgment of foreclosure. Crane v. Loomis, supra, 700. If such grounds are established, then the court may determine that grounds for independent equitable relief exist. Id; Hoey v. Investors' Mortgage Guaranty Co., 118 Conn. 226, 230, 171 A. 438 (1934); see Folwell v. Howell, 117 Conn. 565, 569-70, 169 A. 199 (1933); Dante v. Dante, 93 Conn. 160, 163, 105 A. 353 (1919).
City Savings Bank of Bridgeport v. Miko, supra, 1 Conn. App. 34
n. 2.
The defendant claims that he was not given a proper set-off for work performed for the plaintiff with respect to the judgment debt. The defendant also claims that he was not aware of the entry of a judgment or the setting of the law day. There is no claim that service of the writ, summons and complaint was not made on the defendant or that the defendant did not receive the process. The fact that the defendant did not retain counsel or did not take other steps to monitor this action after the foreclosure action was commenced was not the fault of the plaintiff. All of the things the defendant asserts here do not constitute fraud attributable to the plaintiff. If the defendant is unable to assert his claim of set-off at the deficiency hearing in this case, the court can consider this claim in an independent action in equity. The law is very clear that under the circumstances presented here and when title has already vested in the plaintiff, the court cannot reopen the judgment of strict foreclosure. The defendant's motion to reopen is therefore denied.
/s/ Pellegrino PELLEGRINO, J. CT Page 7247