[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO OPEN JUDGMENT OF STRICT FORECLOSURENO. 115
The plaintiff, First Nationwide Bank, commenced this action seeking strict foreclosure against the defendant, Jonathan Lewis (Lewis), on November 21, 1994, by service on the secretary of state, and mailing a copy of the summons and complaint to an address in Hollywood, California. On January 19, 1995, Lewis was defaulted for failure to appear, and on April 11, 1995, the court, Leheny, J., entered a judgment of strict foreclosure and set a law day of May 16, 1995. Since there was no redemption on the property at the expiration of the law days, title automatically vested and became absolute in First Nationwide on May 17, 1995. An order of ejectment was served upon Lewis on August 27, 1995 at the subject premises, located at 25 White Pine Drive, Brookfield, Connecticut.
On August 29, 1995, Lewis filed an appearance through his attorney, and simultaneously filed a motion to open the judgment on the ground that the notice sent by First Nationwide was defective. In his motion, Lewis asserted that he has lived at 25 White Pine Drive, Brookfield, Connecticut since 1988, that he has never held an office at the Hollywood, California address, that First Nationwide had always communicated with him at the Brookfield, Connecticut address, and that he never received any of the notices concerning the foreclosure proceeding.
In response, First Nationwide argues that since it now has vested title in the property, the court is prohibited from opening the judgment of foreclosure according to General Statutes § 49-15.
General Statutes § 49-15 provides: "Any judgment foreclosing the title to real estate by strict foreclosure may, at the discretion of the court rendering the same, upon the written motion of any person having an interest therein, and for cause shown, be opened and modified . . . but no such judgmentCT Page 2346shall be opened after the title has become absolute in anyencumbrancer." (Emphasis added.)
"`Both the Supreme Court and [the appellate] have ruled that, under this statute, a judgment of foreclosure cannot be opened after title has become absolute in any encumbrancer. MeridenSavings Bank v. Sujdak, 124 Conn. 604, 610-11, 1 A.2d 134 (1938);City Savings Bank of Bridgeport v. Miko, 1 Conn. App. 30, 34, n. 2, 467 A.2d 929 (1983).'" Werner v. Neal, 14 Conn. L. Rptr. 336
(June 8, 1995, Pellegrino, J.), citing Merry-Go-round Enterprises,Inc. v. Molnar, 10 Conn. App. 160, 162, 521 A.2d 1065 (1987).
Because title in First Nationwide became absolute when Lewis failed to redeem on his law day, this court lacks authority to grant Lewis' motion to open the judgment." Burritt InterfinancialBancorporation v. Wood, 33 Conn. App. 401, 408, 635 A.2d 879
(1994). If Lewis' "complaint has any merit, it must be as an independent equitable action seeking to open the judgment of strict foreclosure and grant relief from its operation. The conditions under which such an action will lie are set forth inCrane v. Loomis, . . . [128 Conn. 697, 700, 25 A.2d 650 (1942)], and in Hoey v. Investors' Mortgage Guaranty Co., 118 Conn. 226,230, [171 A.2d 438]." Schmaling v. Greenwich Title Co.,14 Conn. Sup. 311, 312 (1946). See also City Savings Bank of Bridgeport v.Miko, supra, 1 Conn. App. 34 n. 2; East Hartford v. Miller,27 Conn. Sup. 503, 507, 245 A.2d 396 (1968).
Accordingly, Lewis' motion to open is denied.
Stodolink, J.