[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO OPEN JUDGMENT OF STRICT FORECLOSURE
The plaintiffs, Ivan Pour and Helga Schaller, filed an action for foreclosure of a second mortgage executed by Independence Marine Corporation on property in Greenwich, Connecticut, on April 17, 1996. A judgment of strict foreclosure and order of possession was entered by the Court, Hickey, J., on June 17, 1996. By stipulation, the defendant Independence Marine Corp. and the plaintiffs agreed to a one-day law day and a waiver of the appeals period. Title vested in the plaintiffs on June 19, 1996. On June 21, 1996, A.A. Constantine, a former officer and employee, filed a motion to reopen the judgment of strict foreclosure and to vacate the order of possession and to vacate the stipulation. Constantine alleges that he is a shareholder and has rights pursuant to shareholder agreements entered into when he was president and treasurer of the corporation. A.A. Constantine also filed another motion to open judgment of strict foreclosure, and to extend the law day and to vacate the order of possession and the stipulation on July 30, 1996. The court will treat the two motions as the same motion.
The issue, as framed by the parties, is who has authority to represent Independence Marine Corp. John Rieman, who hired Randolph Lovallo to represent the corporation in the foreclosure action, alleges that he is the 100 percent shareholder of the corporation, sole director and officeholder and has sole authority to hire counsel. As 100 percent shareholder, director and vice president, Rieman convened a meeting of the shareholders on May 14, 1996, in accordance with the corporation's bylaws and voted to remove all directors, including the movant, Constantine, named himself sole director, and then as director he removed all officers and named himself as the sole officer, and terminated Constantine's employment with the corporation.
Constantine argues that Mr. Rieman gave him a power of attorney, which he used to endorse the stock certificate to himself and that he is the sole shareholder, that Rieman is merely a creditor of the corporation, and that certain agreements entered CT Page 6043 into by Mr. Rieman encumber his interest.
General Statutes § 49-15 governs the opening of judgments of strict foreclosure and provides: "Any judgment foreclosing the title to real estate by strict foreclosure may, at the discretion of the court rendering the same, upon the written motion of any person having an interest therein, and for cause shown, be opened and modified . . . but no such judgment shall be opened after the title has become absolute in any encumbrancer." The Supreme Court has ruled that "under [General Statutes § 49-15], a judgment of foreclosure cannot be opened after title has become absolute in any encumbrancer." Merry-Go-Round Enterprises, Inc. v. Molnar,10 Conn. App. 160, 162, 521 A.2d 1065 (1987). See also Farmers Mechanics Savings Bank v. Sullivan, 216 Conn. 341, 345,579 A.2d 1054 (1990); City Savings Bank of Bridgeport v. Miko,1 Conn. App. 30, 34 n. 2, 467 A.2d 929 (1983). The limitation period of section § 49-15 is jurisdictional, although it may be waived.Ferguson v. Sabo, 115 Conn. 619, 162 A. 844, cert. denied289 U.S. 734, 3 S.Ct. 595, 77 L.Ed. 1482 (1932); Foley v. Douglas Bro. Inc., 121 Conn. 377, 185 A. 70 (1936). The court may act on jurisdictional questions sua sponte. Castro v. Viero, 207 Conn. 420,541 A.2d 1216 (1988); Lo Sacco v. Young, 210 Conn. 503, 508, 555 A.2d 986
(1989). There was no waiver in this instance. This court does not have jurisdiction to reopen its judgment because title has vested.
Furthermore, "our courts have made clear . . . that while fraud may be grounds for collateral attacks on a judgment of strict foreclosure by an independent action in equity, fraud is not a ground for opening a judgment after title has become absolute in an encumbrancer." Merry-Go-Round Enterprises Inc. v. Molnar, supra,10 Conn. App. 163 n. 1. "Courts of equity may grant relief from the operation of a judgment when to enforce it would be unconscionable; or where a party can establish facts tending to show fraud, accident or mistake in connection with the entry of the original judgment of foreclosure. If such grounds are established, then the court may determine that grounds for independent equitable relief exist." (Internal citations omitted.) City Savings Bank ofBridgeport v. Miko, supra, 1 Conn. App. 34 n. 2.
The movant did not couch his motion as an independent action for equitable relief based on fraud, and the court will not reach that question. Because the motion before the court is a motion to reopen judgment of strict foreclosure and to vacate the order of possession and stipulation, and because the court does not have jurisdiction to hear the motion, the court does not reach the issue CT Page 6044 of which party is the proper representative of Independence Marine Corp. The motion is dismissed.
HICKEY, JUDGE