[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On February 20, 1996, the plaintiff, Naugatuck Valley Savings and Loan Association, Inc., initiated this foreclosure action against the defendants, Robert F. Pino and Catherine P. Pino. The defendants each filed pro se appearances in March of 1996. On July 22, 1996, the court, Vertefeuille, J., rendered a judgment of strict foreclosure and set law day for August 19, 1996.[1]
Neither defendant redeemed, whereby title vested and became absolute in the plaintiff on August 20, 1996.
On August 28, 1996, the defendants, now represented by counsel, filed a motion to open the judgment of strict foreclosure.[2]
In their motion and accompanying memorandum, the defendants "allege that they did not receive notice of the judgment and that as a result of this mistake or error the judgment became final. . . ." Although acknowledging that the passing of law day deprives them of a remedy at law, the defendants contend that the court may still open a judgment of strict foreclosure, based on the court's inherent powers of equity.
The plaintiff maintains that as title in the property is now vested in itself, the court, pursuant to General Statutes §49-15, is prohibited from opening the judgment of strict foreclosure. Moreover, the plaintiff claims that if the defendants are to pursue any claims of mistake, they must do so by way of an independent action in equity, not in a motion to open.
General Statutes § 49-15 governs the opening of judgments of strict foreclosure, providing that "[a]ny judgment foreclosing the title to real estate by strict foreclosure may, at the CT Page 827 discretion of the court rendering the same, upon the written motion of any person having an interest therein, and for cause shown, be opened and modified . . . but no such judgment shall beopened after the title has become absolute in any encumbrancer."
(Emphasis added.)
"Both the Supreme Court and [the appellate] court have ruled that, under this statute, a judgment of foreclosure cannot be opened after title has become absolute in any encumbrancer."Merry-Go-Round Enterprises, Inc. v. Molnar, 10 Conn. App. 160,162, 521 A.2d 1065 (1987), citing Meriden Savings Bank v. Sujdak,124 Conn. 604, 610-11, 1 A.2d 134 (1938); City Savings Bank ofBridgeport v. Miko, 1 Conn. App. 30, 34 n. 2, 467 A.2d 929 (1983). "Nevertheless, courts will recognize instances where the effect of the judgment may be collaterally attacked. Courts of equity may grant relief from the operation of a judgment when to enforce it would be unconscionable . . . or when a party can establish facts tending to show fraud, accident or mistake in connection with the entry of the original judgment of foreclosure." (Citations omitted.) City Savings Bank of Bridgeport v. Miko,
supra, 1 Conn. App. 34 n. 2. "If such facts were established they might be ground for an independent action in equity for relief."Crane v. Loomis, 128 Conn. 697, 700, 25 A.2d 650 (1942);Merry-Go-Round Enterprises, Inc. v. Molnar, supra,10 Conn. App. 162 n. 1; City Savings Bank of Bridgeport v. Miko,
supra, 34 n. 2.
In the present case, title to the property vested in the plaintiff prior to the filing of the defendants' motion to open the judgment of strict foreclosure. Pursuant to General Statutes § 49-15, the court is therefore precluded from opening the judgment. The defendants may, however, bring an independent action in equity in order to collaterally attack the judgment and remedy any alleged inequity. See East Hartford v. Miller,27 Conn. Sup. 503, 507, 245 A.2d 396 (1968); see also FirstNationwide Bank v. Lewis, Superior Court, judicial district of Danbury, Docket No. 319072 (March 14, 1996, Stodolink, J.);Werner v. Neal, Superior Court, judicial district of Waterbury, Docket No. 116694 (June 8, 1995, Pellegrino, J.,14 Conn. L. Rptr. 336); Citicorp Mortgage. Inc. v. Darling, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 254143 (May 19, 1993, Fuller, J.); Howard v. Bridgeport Metal Goods,
Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 041276 (January 28, 1993, Jones, J.); AmericanMortgage v. Decortin, Superior Court, judicial district of CT Page 828 Litchfield, Docket No. 051256 (September 4, 1990, Dranginis, J.).
Therefore, for the reasons herein stated, the defendants' motion to open the judgment of strict foreclosure should be denied.
KULAWIZ, J.