[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 3822
This case comes to this court as a court trial. The parties stipulated to the facts by a document dated 1/9/98 which document is incorporated into this decision by reference.
The plaintiff, John Alberta, III, seeks a judgment of title in his favor. Simply stated he seeks this court to find that he is the title owner of the property in dispute known as 1 Aiken Street, Norwalk, Connecticut. By a myriad of pleadings and rulings and non-rulings the parties seek this court to remove them from the problems in which they find themselves.
This court finds that on April 10, 1995 John Alberta, III, was the title owner of the subject premises. This was by virtue of a deed from Joseph Cioffi to John Alberta, III, dated 3/1/93 recorded in Volume 2761 at page 245 of the Norwalk Land Records. On or about April 10, 1995 Alberta who was a defendant in the foreclosure presented a stipulation to reopen the judgment (Exhibit M). The stipulation of facts shows that stipulation. On that date they appeared before Judge Hickey. See (Exhibit J) the transcript. The court asked questions about the stipulation. It is clear that the judge was going to make the stipulation an order of the court, but he had some questions on the details.
The court said, "Okay. So I'll take the papers on it. All right."?. Then he said, "I'm going to hold this.", obviously referring to the stipulation of the parties. The defendant's claim that despite the fact a stipulation of the parties had been filed no motion to reopen judgment was filed in regard to the 4/10/95 hearing. The defendant claims that absent an order, the terms of the judgment of 3/27/95 were not altered, and title became absolute in PDC Association on 4/15/95 pursuant to §49-15 of the statutes. This court finds that by taking the papers on the stipulation, Judge Hickey was treating this stipulation as a motion to reopen. The stipulation clearly contemplated the judgment being reopened. This is further clarified by the plaintiff filing on April 15, 1995 a motion to reopen. Under the authority of Farmers and Mechanics Savings Bank v. Sullivan,216 Conn. 341 (1990), while the court had under consideration the papers referred to in Exhibits M and J, title could not have become absolute in PDC on 4/15/95.
Paragraphs 17, 18, and 19 of the stipulation confirm that PDC did not believe the title had vested in them. The deed of 7/8/96 CT Page 3823 referred to in Paragraph 19 was of no force and effect.
The purpose of entering into the stipulation on 4/10/95 in the foreclosure action was to convert the judgment of strict foreclosure into a judgment of foreclosure by sale because there was substantial equity in the property and to primarily create time for the parties to enter into an agreement without the pressure of a law date.
On June 5, 1995 PDC and John Alberta, III, entered into an agreement in open court that the foreclosure action be reopened and dropped. This agreement implicitly waived C.G.S. § 49-15
which states that no foreclosure judgment may be reopened after title has become absolute in the incumbrancer.
"Courts of equity may grant relief from the operation of a judgment when to enforce it would be unconscionable. . . ." CitySavings Bank of Bridgeport v. Miko, 1 Conn. App. 30, 34 N2. (1983). Had Judge Hickey said on April 10, 1995, "this court makes the stipulation of the parties an order of this court", we would not be here today!
Accordingly, this court finds title in John P. Alberta, III. There are no attorney's fees or damages awarded.
KARAZIN, J.