[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO REOPEN AND SET NEW LAW DAYS
Judgment of strict foreclosure was entered in this matter on July 27, 1998 with law days commencing on September 28. 1998. Title vested in the plaintiff on September 30, 1998.
On October 8, 1998. the plaintiff filed a motion to open the judgment. The plaintiff alleged that its motion should be granted on the grounds that the Veterans Administration guaranteed its mortgage and will now not be able to guaranty it because "it was not able to provide bidding instructions in a timely fashion."
As authority for this court's power to grant this motion despite the provisions of General Statutes § 49-14[1], the plaintiff cites New Milford Savings Bank v. Jajer, 244 Conn. 252,255-264, (1998) and Countryside Home Loans, Inc. v. Prevost, Judicial District of Litchfield No. CV 98-0076273, (Di Pentima, J.), (1998).
In New Milford Savings Bank the Supreme Court held that the trial court had the authority to reopen a judgment after title had vested on equitable grounds where the judgment contained a scrivener's error, to correct an inadvertent omission in a foreclosure complaint.
In PNC Mortgage Corp v. Mateus, supra, the court based its granting of the motion to reopen on the fact that "all parties agree to the granting of the motion". This, of course, has always been the law of this state, i.e. § 49-15 does not apply to awaiver by the parties. Crane v. Loomis, 128 Conn. 697. 700 (1942).
The allegations of fact in this case contain none of the exceptions recognized by our courts to permit a reopening in this case.
The motion to reopen is denied.
Freed, J. CT Page 12874