[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This appeal from probate arises from an order of the Probate Court directing that the proceeds from a settlement be held in escrow for future attorney and conservator fees. According to the undisputed allegations and the evidence before the court, the plaintiff, the state of Connecticut, is a creditor of the estate of Alicia Almodovar (estate) by virtue of $111,045.14 in accident related Title XIX medical assistance it provided to her and on behalf of her children. The defendant/attorney Susan S. Maignan (Maignan), is a court-appointed conservator of the estate having been so appointed by the Bridgeport Probate Court. The other defendant is Serenio Almodovar a/k/a Sirenio Almodovar, the conservator of the person of Alicia Almodovar.
On July 30, 2001, Serenio Almodovar filed an application with the Bridgeport Probate Court seeking authorization to compromise and settle a third party claim by Alicia Almodovar brought against the Allstate Insurance Company (Allstate) for $20,000. The Probate Court, by order dated September 20, 2001, issued a notice and decree approving the application and ordered: "Said funds are to be turned over to Susan S. Maignan, Conservator of the Estate to be held in escrow for future Attorney and Conservator fees." The net proceeds from the settlement, after payment of attorney fees in the third party action and other expenses, is $12,736.60, which is being held in a trust account pending this appeal.
The plaintiff commenced this probate appeal seeking to vacate the portion of the Probate Court decree that ordered the settlement proceeds turned over to Maignan and held in escrow for future attorney and conservator fees.[1] The plaintiff now moves for summary judgment on the grounds that it is entitled to judgment as a matter of law because the Probate Court lacked jurisdiction to order the settlement proceeds put in escrow and because the order violates the order of priorities set forth in General Statutes §§ 17b-93, 17b-94. The defendant Maignan counters that questions of fact exist as to the Probate Court's CT Page 84 jurisdiction and as to the priority and amount of money the plaintiff is entitled to recover.
The standards governing this court's consideration of a motion for summary judgment are well established. "Practice Book § [17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the . . . court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Practice Book § [17-46]. . . ." Gaynor v. Payne, 261 Conn. 585, 590-91, 803 A.2d 311 (2002).
"When entertaining an appeal from an order or decree of a Probate Court, the Superior Court takes the place of and sits as the court of probate." (Internal quotation marks omitted.) In re Michaela Lee R.,253 Conn. 570, 575 n. 10, 756 A.2d 214 (2000). And where, as here, no stenographic record has been made of the proceedings before the Probate Court, the "appeal" before this court is a trial de novo in which this court decides the matters on which the appeal has been taken without regard to the action or decree of the probate court." Andrews v. Gorby,237 Conn. 12, 14-16, 675 A.2d 449 (1996).
Neither party complains about the compromising of the claim against Allstate. What is at issue is whether the court-may order that the proceeds of that settlement be turned over to the conservator of the estate to be held in escrow for future attorney and conservator fees. This is a question of law.
Since this court sits as a Probate Court, limited to probate court jurisdiction, when hearing probate appeals, it is well to restate the jurisdiction of probate courts. "It is well established that courts of probate are statutory tribunals that have no common-law jurisdiction. . . . Accordingly, they can exercise only such powers as are conferred on them by statute. . . . They have jurisdiction only when the facts exist on which the legislature has conditioned the exercise of their power. . . . [A] court which exercises a limited and statutory jurisdiction is without jurisdiction to act unless it does so under the precise circumstances and in the manner particularly prescribed by the enabling legislation. . . . Ordinarily, therefore, whether a Probate Court has CT Page 85 jurisdiction to enter a given order depends upon the interpretation of a statute." In re Michaela Lee R., supra, 253 Conn. 580-81.
The only statute the defendant has identified as a possible source of such an order as she seeks is General Statutes § 45a-151. That statute provides in relevant part: "(a) Upon application by executors, guardians, conservators, administrators and trustees appointed, or whose appointment has been approved, by the Court of Probate, the court may, after such notice as the court shall direct and hearing, authorize such fiduciaries to compromise and settle any doubtful or disputed claims or actions, or any appeal from probate in favor of or against the estates or persons represented by them.
"(b) In order to accomplish such compromise or settlement, the court may, after deduction of attorney's fees and costs, authorize such settlement as proposed by the fiduciary in a lump sum or in periodic payments to the estate, to an existing trust or to a newly created trust for the benefit of those represented by the fiduciary. . . ."
This statute authorizes only the "deduction of attorney's fees and costs. . . ." The plain import of this language is that the fees and costs for which a deduction may be allowed are (A) those already incurred, (B) in connection with the claim that is being settled. Cf.Norwich v. Hyde, 7 Conn. 528, 534 (1829). Moreover, such a deduction may only be made "[i]n order to accomplish such compromise or settlement. . . ." Here, the "deduction" that is sought is for fees not yet incurred, that have no relation to the settlement or compromise of the Allstate claim. Cf. City Savings Bank v. Miko, 1 Conn. App. 30, 38, 467 A.2d 929
(1983). ("It is manifestly improper for the court to award fees for services which have not yet been performed and may never be performed at any time in the future.").
The defendant contends, in the alternative, that a conservator's fee is analogous to other court-appointed officers fees, such as a guardian ad litem's fee, which the defendant maintains are within the Probate Court's jurisdiction as a cost of administration. Assuming the propriety of this analogy, the defendant's claim ignores that the court lacks authority to sequester settlement proceeds for future fees and, in the context of this estate, ignores the priority afforded to the State by General Statutes §§ 17b-93, 17b-94.[2] Accordingly, the Probate Court was not authorized to order that the net proceeds of the settlement be turned over to the conservator of the ward's estate "to be held in escrow for future Attorney and Conservator fees.
In its motion for summary judgment, the plaintiff seeks an order from CT Page 86 this court directing the defendants to disburse the net settlement proceeds of the settlement with Allstate in accordance with the provisions of General Statutes §§ 17b-93, 17b-94. Such an order would be procedurally improper in view of the limited jurisdiction this court exercises in an appeal from probate. The only issue before the Probate Court was whether to approve the application of the conservator of the person for authorization to compromise and settle the claim against Allstate. Only that order could be and has been appealed to this court.Curtiss v. Beardsley, 15 Conn. 518, 523 (1843); see General Statutes § 45a-186. "The Superior Court cannot enlarge the scope of the appeal." Sacksell v. Barrett, 132 Conn. 139, 146, 43 A.2d 79 (1945). "The appeal from probate does not . . . `lift' or surrender the entire matter from the Probate Court into the Superior Court for further proceedings and termination of the estate beyond the order or decree appealed from. On the contrary, it leaves the matter as it was in the Probate Court, there to be continued with and completed according to law, presenting in the meanwhile to the Superior Court for redetermination . . . the special and limited issues embraced within the particular decree appealed from. It follows that the Superior Court is without power, on appeal from probate, to proceed through all the forms of a complete settlement of the estate as a prerogative court, and may not consider or adjudicate issues beyond the scope of those proper for determination by the decree being attacked." (Internal quotation marks omitted.) Silverstein's Appeal fromProbate, 13 Conn. App. 45, 52-53, 534 A.2d 1223 (1987).
The motion for summary judgment is granted and that portion of the decree ordering the net proceeds "to be held in escrow for future Attorney and Conservator fees" is vacated.
BY THE COURT
 ___________________ Bruce L. Levin Judge of the Superior Court