[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Anthony R. Ferrigno, trustee of Treeland Employees Profit Sharing Plan Trust, instituted this foreclosure action on September 13, 1988. He filed an amended complaint on December 3, 1991, alleging the following facts. The plaintiff executed a promissory note and mortgage with the defendants, Cromwell Development Associates and CT Page 4317 its individual members; Richard L. Sandefur, who was the managing partner; Maynard A. Selmon; Anthony R. Ferrigno; Jane E. Miller; Janice S. Miller; Elliot Miller; Philip Gaynes; Steven Chernock, Sr., acting for Dram Realty a/k/a Dram Associates, a partnership; Steven Chernock, Jr.; and John R. Chernock. The Flatley Company is also a named defendant because of a claimed interest in the mortgaged premises. The note stipulated that the mortgagors promised to pay, in varying percentages, "the sum of ONE HUNDRED FIFTY THOUSAND dollars, together with interest . . . at the rate of Eighteen (18%) percent per annum, payable quarterly, commencing June 25, 1981 . . . and any costs and expense, including reasonable attorney fees."
 I.
The note was payable on June 25, 1982, one year after payments were to commence. The plaintiff contends that after the defendants defaulted on the note, a subsequent oral and written agreement the interest rate to twenty percent. He argues that since May 25, 1982, the interest rate has been twenty percent. The court finds that after that date, the plaintiff continued to receive payments from the defendants. Payments by the individual members of Cromwell Development Associates stopped some time before March 17, 1987.[1]
The defendants raise no defenses to the foreclosure action, but they dispute the amount that is due to the plaintiff. The defendants contend that the plaintiff failed to establish that the parties intended that post-maturity interest be twenty percent. They assert that because the original note was silent as to the interest rate after maturity or default, the legal rate of eight percent, pursuant to General Statutes §§ 37-1(b), 37-3a, applies. The argue that the modification agreement does not satisfy the requirement of the statute of frauds. The defendants also contend that equity demands that the court reduce the amount of indebtedness because of the delay in commencing the foreclosure action.
"In interpreting General Statutes § 37-3, a predecessor to § 37-3a, the Supreme Court stated that `the statute was not intended to, and did not, apply to contracts in which there was an express agreement for the payment of a specified lawful rate of interest after maturity.' Littlev. United National Investors Corp., [160 Conn. 534, 540, 280 A.2d 890
(1971)]. . . . `Connecticut law has interpreted [General Statutes § 37-1
and § 37-3a] together to read that if the parties agree upon a rate of interest until the balance is paid, then the agreed on rate becomes the legal rate in the case.' Id." Bankmart v. Sorrell, Superior Court, judicial district of Fairfield, No. 217498 (12 Conn. L. Rptr. 653, 654) CT Page 4318 (1994), appeal pending. Although the original note was silent as to the rate of post-maturity interest, the court finds that the parties entered into a modification agreement changing the rate of interest from eighteen percent to twenty percent for the unpaid balance as of May 25, 1982.
The defendants contend that the agreement that post-maturity interest be 20% is unenforceable because it does not satisfy the requirements of the statute of frauds, General Statutes § 52-550. Section 52-550 provides in relevant part that: "[n]o civil action may be maintained [upon any agreement for the sale of real property or any interest in or concerning real property] unless the agreement, or a memorandum of the agreement, is made in writing and signed by the party or the agent of the party, to be charged. . . ."[2] The defendants claim that "[i]n order for such an agreement to be enforceable, . . . [it] necessarily had to be supported by the consideration of plaintiff's forbearance from foreclosing the mortgage securing the note. Consequently, the alleged agreement to pay twenty percent (20%) interest involves an interest in real property within the Statute of Frauds and must be in writing." The factual predicate for this claim, however, does not exist. Forbearance from foreclosing the mortgage was not the only consideration which supported the modification agreement. Forbearance in commencing an action on the note was the consideration. Therefore, the modification agreement was not within this provision of the statute of frauds. Hahn v. Brown, 3 Conn. Sup. 102 (1935) (Cornell, J.); cf. Havilandv. Sammis, 62 Conn. 44, 46, 25 A. 394 (1892).[3]
The defendants request the court to reduce the amount of indebtedness as an exercise of its equitable power, citing Hamm v.Taylor, 180 Conn. 491, 429 A.2d 946 (1980). Circumstances here do not dictate altering the interest rate agreement made by the plaintiff and the defendants. There was no inequitable delay or breach of good faith and fair dealing on the part of the defendant, and therefore, the court will not reduce the amount of indebtedness. Moreover, "`[t]here is nothing in the nature of the transaction, nor in the customary mode of loaning money, that makes it unreasonable or unjust to allow parties to contract for a rate of interest after maturity as well as before.'Little v. United National Investors Corp., supra, 160 Conn. 541."Bankmart v. Sorrell, supra, 12 Conn. L. Rptr. 654.
The court finds that the debt is $435,467.04 as of November 29, 1994 with interest of twenty percent to continue until paid in full.
II.
CT Page 4319
The note provides for the award of costs, expenses and reasonable attorney fees in the event of a default. General Statutes § 49-7
validates an agreement for attorneys fees in "any proceeding for the collection of the debt, or in any foreclosure of the mortgage. . . ."City Savings Bank of Bridgeport v. Miko, 1 Conn. App. 30, 36,467 A.2d 929 (1983); see also D. Carron, Connecticut Foreclosures, § 9.05A1 (2d Ed. 1989).
The plaintiff requests attorney's fees in the amount of $28,650 for the services of his attorney. Of this amount, the plaintiff's attorney ascribes approximately $21,950 to services rendered prior to the granting of a mistrial earlier in this case.[4] The plaintiff's attorney submitted a record of the time and charges for the representation of the plaintiff. The attorney requests $200 per hour for the 143.25 hours spent working on this case. The defendants contend that attorney's fees rendered for services prior to the mistrial should be disallowed and that the amount of attorney's fees for services subsequently rendered should be limited to $6700. The court disagrees with the defendants' contention, although it finds that the amount of attorney's fees claimed by the plaintiff is manifestly excessive.
Rule 1.5 of the Rules of Professional Conduct lists the factors to be considered in determining the reasonableness of attorney's fees. Those factors include "(1) The time and labor required, the novelty and difficulty of the questions involved and the skill requisite to perform the legal service properly; (2) The likelihood, if made known to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (3) The fee customarily charged in the locality for similar legal services; (4) The amount involved and the results obtained; (5) The time limitations imposed by the client or by the circumstances; (6) The nature and length of the professional relationship with the client; (7) The experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) Whether the fee is fixed or contingent."
"It should be pointed out that the United States Supreme Court has said that while `the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate' is `[t]he most useful starting point for determining the amount of a reasonable fee'; Hensleyv. Eckerhart, [461 U.S. 424, 433 (1983)]; it has also said that `[t]he product of reasonable hours times a reasonable rate does not end the inquiry'; id., 434; because `there may be circumstances in which the basic standard of reasonable rates multiplied by reasonably expended hours results in a fee that is either unreasonably low or unreasonably high.' Blum v. Stenson, [465 U.S. 886, 897 (1984)]. `The court has few CT Page 4320 duties of a more delicate nature than that of fixing counsel fees.'Hoenig v. Lubetkin, [137 Conn. 516, 525, 79 A.2d 278 (1951)]. Courts have stressed the need to submit proper time records." Bank of BostonConnecticut v. Brewster, 42 Conn. Sup. 474, 504-05, 628 A.2d 1354
(1993) (Healey, S.T.R.).
"`The party seeking fees has a duty to submit detailed andcontemporaneous time records to document the hours spent on the case. A simple after-the-fact tally is not sufficient. Copies of the actual time records should be submitted.' Denton v. Boilermakers Local 29,673 F. Sup. 37, 53 (D.Mass. 1987); see also Calhoun v. Acme ClevelandCorporation, 801 F.2d 558, 560 (1st Cir. 1986); Grendel's Den v. Larkin,749 F.2d 945, 952 (1st Cir. 1984); Wojtkowski v. Cade, 725 F.2d 127,130-31 (1st Cir. 1984)." (Emphasis added.) Bank of Boston Connecticut v.Brewster, supra, 42 Conn. Sup. 505. "A court is not required to accept an attorney's valuation of his own time. See, e.g. Chraplivy v. UniroyalInc., 670 F.2d 760, 767 (8th Cir. 1982). The party seeking fees may introduce evidence in a claim for attorney's fees. Bank of BostonConnecticut v. Brewster, supra, 503, 504, 505. Unsworn statements of attorneys are not, however, evidence. Cologne v. Westfarms Associates,197 Conn. 141, 154." Kuhn v. Sadinsky, Superior Court, judicial district of New London at New London, No. 523165 (1994 Ct. Sup. 2752,2773) (1994, Healey, S.T.R.). "The familiarity of the court asked to rule on counsel fees with the particular case is significant, as it can assess the nature of the entire litigation, the manner in which the legal and factual issues were presented at trial, the written submissions filed by counsel and other elements of the litigations with which it is familiar. See Ruiz v. Estelle, 553 F. Sup. 567, 584 (S.D. Tex. 1982)." Bank of Boston Connecticut v. Brewster, supra, 42 Conn. Sup. 505.
The plaintiff has submitted a tally of time and charges. That document is an after-the-fact listing, without specific dates for any of the services rendered. While the plaintiff's attorney may have performed the seventy-five listed services, the court has difficulty with the indefiniteness of the listings. For example, the listing charges 12.5 hours to "[p]rocess 54 incoming letters." The court also questions the requested rate of $200 an hour for many of the performed services. "[All of the time a lawyer spends on a case is not necessarily the amount of time for which he can properly charge his client." The Florida Bar v.Richardson, 574 So.2d 60, 63 (Fla. 1990), reh. den. "[T]he requirement of time records was not an invitation for the distortion of the value of the required services or the proliferation of unnecessary or unwarranted activity in the light of the overall objective requirements of the case. . . . It is possible to spend an enormous amount of time on relatively CT Page 4321 and objectively trivial and inconsequential matter either through a failure to appreciate the overall place in the total engagement of a particular segment . . . or for some other reason." Browning v. Peyton,123 F.R.D. 75, 78 (S.D.N.Y. 1988).
The court in Bank of Boston Connecticut v. Brewster, supra,42 Conn. Sup. 474, analyzed counsel fees for a number of attorneys. The requested hourly rate for these fees ranged to a maximum of $225 per hour. The court, finding many of the hourly rates to be excessive, awarded fees calculated at a maximum hourly rate of $185. Id.; see also Yelmini v. Taylor, Superior Court, judicial district of Hartford/New Britain at Hartford, No. 512519 (1994) (finding $175 per hour reasonable in a complex foreclosure or collection action); Connecticut National Bank v.Brown, supra, 7 Conn. L. Rptr. 185 (awarding $12,500 in attorney's fees despite the plaintiff's request of more than $48,975); Shawmut First Bank Trust Company v. Vakalis,1 CSCR 513, 515 (1986) (awarding $15,000 in action that was not "just a simple foreclosure," even though $50,000 in fees requested). On the other hand, this court recently has found that $90 and $100 per hour for the fees of competent counsel in connection with litigation was "manifestly antiquated." Republic Insurance Co. v.Pat Dinardo Auto Sales, Inc., Superior Court, Judicial District of Fairfield, No. 300662S (1995) (Levin, J.).
The plaintiff's attorney claims 1.25 hours to "review paperwork for mortgage foreclosure, telephone conference with client and open file". While this may be somewhat excessive, it is allowed. The plaintiff's attorney claims four hours for "travel to Cromwell to do search of title and travel back to Bridgeport". The court allows three hours. The plaintiff's attorney claims .75 hours for "investigation to obtain addresses of defendants". There is no evidence that defendants' addresses were a mystery that clerical staff could not solve and this item is not allowed. The plaintiff's attorney claims 2.50 hours for "preparation of summons and complaint". The court allows two hours. The plaintiff's attorney claims one hour for the preparation of the lis pendens. The court allows one-half hour. The plaintiff's attorney claims .25 hours to "issue instruction letter to sheriff". This is disallowed. The plaintiff's attorney claims .25 hours to "review sheriff's return". This is disallowed as a distinct item. The plaintiff's attorney claims .50 hours to "return complaint to court with check for entry fee and pay sheriff". This is disallowed as a distinct item. The plaintiff's attorney claims .50 hours to "prepare status report to client and CT Page 4322 bill for costs advanced". The court allows .25 hours. The plaintiff's attorney claims .25 hours to "process incoming appearance slip". This item is disallowed. The plaintiff's attorney claims .50 hours for "preparation of motion to transfer". This item is not allowed. The plaintiff's attorney claims .75 hours for "miscellaneous telephone conference[s] with attorney representing defendants". This is allowed. The plaintiff's attorney claims .50 hours to "review incoming answer". The time ascribed to this item is disallowed. The plaintiff's attorney claims .50 hours for the preparation of tow motions for default for failure to appear. The time ascribed to this item is disallowed. The plaintiff's attorney claims one hour to "prepare two military affidavits and letter to sheriff". The time ascribed to this item is disallowed. The plaintiff's attorney claims .50 hours to prepare two demands for disclosure of defense. The time ascribed to this item is disallowed. The plaintiff's attorney claims .25 hours to "review one incoming disclosure of no defense". (Emphasis added.) This is disallowed as a distinct item. The plaintiff's attorney claims .50 hours to "prepare [two motions for] default for failure to disclose a defense". The time ascribed to this item is disallowed. The plaintiff's attorney claims .50 hours to "prepare and process Motion for Strict Foreclosure". The time ascribed to this item is disallowed and is clearly unreasonable. The plaintiff's attorney claims .25 hours for a "conference with appraiser as to value". This item and the time ascribed to it are allowed. The plaintiff's attorney claims .25 hours to "claim case for hearing list". The time ascribed to this item is disallowed. The plaintiff's attorney claims .50 hours for the "preparation of affidavit of debt". This item and the time ascribed are allowed. The plaintiff's attorney claims 1.75 hours for "miscellaneous telephone calls with client". This item and the time ascribed are allowed. The plaintiff's attorney claims one hour for "conferences with client and bookkeeper reviewing spread sheets and preparation for hearing". This item and the time ascribed are allowed. The plaintiff's attorney claims .50 hours to "obtain original documents from client". The time ascribed to this item is disallowed. The plaintiff's attorney claims one hour to "review file and prepare for hearing". The plaintiff's attorney claims four hours for an appearance in court, apparently in the first trial of this case. The item and time ascribed are allowed. The plaintiff's attorney claims 4.25 hours for research of law, preparation of motion for rehearing and memorandum of law. The time ascribed to this item is disallowed. The plaintiff's attorney claims .75 hours for "additional client preparation". CT Page 4323 This item land the time ascribed will be allowed. The plaintiff's attorney claims 1.75 hours for "preparation for hearing". This item and the time ascribed will be allowed. The plaintiff's attorney claims 1.50 hours for an "additional court appearance". This item and the time ascribed is allowed. The plaintiff's attorney claims 10.25 hours for "research of law and preparation of memorandum in support of motion for mistrial. The time ascribed to this item is disallowed as clearly excessive. The plaintiff's attorney claims .50 hours for "preparation of motion for mistrial". The court allows .25 hours for the preparation of this motion. The plaintiff's attorney claims two hours for his appearance in court to argue that motion. The court allows one hour in the absence of contemporaneous time records. The plaintiff's attorney claims .75 hours to "review and analyze defendants' motion for rehearing". The time ascribed to this item is disallowed. The plaintiff's attorney claims two hours for an "appearance in court to reargue". The court allows one hour. The plaintiff's attorney claims 1.25 hours for "preparation of motion to amend complaint and preparation of amended complaint". The court allows .50 hours. The plaintiff's attorney claims two hours for his "appearance in court on motion to amend". In the absence of contemporaneous time records of an attorney who may have had more than one matter on the court's short calendar that day, the court allows one hour. The plaintiff's attorney claims .75 hours for "miscellaneous telephone conference[s] with appraiser and supplying with documentation". The court allows this item and the time charged. The plaintiff's attorney claims .50 hours for "miscellaneous telephone conference[s] with defendant's attorney". This item and the time ascribed are allowed. The plaintiff's attorney claims .75 hours for "miscellaneous conferences explaining status of case and sending copies of documents". On the assumption that the conferences were with, and the copies sent to, the client, this item and the time ascribed are allowed. The plaintiff's attorney claims .75 hours for "review of two incoming answers to complaint". The time ascribed to this item is disallowed as clearly excessive. The plaintiff's attorney claims 1.25 hours for an "office conference to review case". In the absence of contemporaneous time records, .50 hours is allowed. The plaintiff's attorney claims .75 hours for "numerous telephone conversations to determine place of death and order death certificate". The court allows .50 hours. The plaintiff's attorney claims .50 hours for "preparation of application/administration on estate and letter to Probate Court". This is allowed. The plaintiff's attorney claims 2.50 hours to "attend hearing in Probate Court in Branford, including CT Page 4324 travel time". This is allowed. The plaintiff's attorney claims one hour for a "telephone conversation with Branford Probate Court and proposed Administrator, Fred Amore". The time ascribed to this item is disallowed. The plaintiff's attorney claims .25 hours to "process and pay bill regarding Probate Hearing". The time ascribed to this item is disallowed. The plaintiff's attorney claims .25 hours to "process and review fiduciary's probate certificate and decree granting administration". The time ascribed to this item is disallowed. The plaintiff's attorney claims 3.75 hours for "preparation of motion to substitute administrator as a party defendant and memorandum of law on motion and service on parties". The time ascribed to this item is disallowed as clearly excessive. The plaintiff's attorney claimsfour hours for "preparation of eight notices of depositions and eight subpoenas". The time ascribed to this item is disallowed as clearly excessive. The plaintiff's attorney claims two hours for the "preparation of eight requests for production". The time ascribed to this item is disallowed. The plaintiff's attorney claims .25 hours to "process incoming protective order". This item is disallowed as a distinct item for billing. The plaintiff's attorney claims .25 hours for the preparation of a notice of intent to argue. This is allowed. The plaintiff's attorney claims two hours for a "court appearance on protective order". The court allows one hour. The plaintiff's attorney claims .25 hours to "process incoming appearance of F.P. Amore". This item is disallowed. The plaintiff's attorney claims .25 hours for the preparation of a motion to amend. This is allowed. The plaintiff's attorney claims .25 hours to "process incoming disclosure of defense", .50 hours to "process incoming answer and special defense", and .25 hours to "process incoming answer of administrator. The court allows .50 hours for the review of all three pleadings. The plaintiff's attorney claims 3.75 hours to "review and analyze defendants' memorandum of law and read cases that were cited". The court will allow .75 hours. The plaintiff's attorney claims .25 hours to "review defendant administrator['s] memorandum of law". This is allowed. The plaintiff's attorney claims 7.25 hours for the "preparation of plaintiff's memorandum of law including research of law". The time ascribed to this item is disallowed. The plaintiff's attorney claims two hours for the "preparation of 8 affidavits of debt". One hour is allowed. The plaintiff's attorney claims 1.75 hours for "additional telephone conferences with client and appraiser". The time ascribed to this item is disallowed. The plaintiff's attorney claims 5.75 hours to "process 23 docket cards and notices from the court", 12.50 hours
to "process 54 incoming letters", and 16.50 hours to "issue 50 CT Page 4325 outgoing letters". The time ascribed to these items is disallowed. The plaintiff's attorney claims 3.25 hours to "review entire file and put in order so as to prepare time and charges". This item is disallowed. The plaintiff's attorney claims 4.50 hours to "review all documents and prepare for trial". The court allows three hours. The plaintiff's attorney claims three hours for "preparation of clients for trial". The court allows one hour. The plaintiff's attorney claims three hours for appearance in court. This is allowed. The plaintiff's attorney claims .50 for "preparation of bill of costs". The court allows .25 hours. The plaintiff's attorney claims .50 hours for "preparation of certificate of foreclosure". The court allows .25 hours. The plaintiff's attorney claims three hours for the depositions of defendant. In the absence of more documentation, the time ascribed to this item is disallowed.
Although the plaintiff claims that many hours of normally billable time were not included in their requested attorney's fees, the court finds $28,650 to be clearly excessive. The court finds that the appropriate hourly rate is $185. The court reduces the amount of fees to $8,300.00.
The court approves the awards of appraisal fees of $2,525 and title search fees of $150, as requested by the plaintiff.
Judgment of strict foreclosure shall enter with the law day being thirty days from the filing of this decision.
BY THE COURT
Bruce L. LevinJudge of the Superior Court